IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Sweetie Rouse and Jackie Williams, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 09 C 7001 |
| Asset Acceptance, LLC, a Delaware limited liability company, | ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiffs, Sweetie Rouse and Jackie Williams, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and allege:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Sweetie Rouse ("Rouse"), is a citizen of the State of New Jersey, from whom Defendant attempted to collect delinquent consumer debts owed for two Lane Bryant credit card accounts, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Plaintiff, Jackie Williams ("Williams"), is a citizen of the State of Ohio, from whom Defendant attempted to collect a delinquent consumer debt owed to WFNNB for a credit card account, despite the fact that she was represented by the legal aid attorneys at LASPD in Chicago, Illinois.

5. Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Asset operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant Asset is licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State attached as Exhibit A.

7. Defendant Asset is licensed as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

## FACTUAL ALLEGATIONS

### Ms. Sweetie Rouse

8. Ms. Rouse is a senior citizen with limited assets and income, who fell behind on paying her bills, including debts allegedly owed for two Lane Bryant credit cards accounts. When Defendant Asset began trying to collect these debts from Ms. Rouse, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Asset's collection actions.

9. On April 30, 2009, one of Ms. Rouse's attorneys at LASPD wrote to Defendant Asset, informing Asset that Ms. Rouse was represented by counsel, and directing Asset to cease contacting Ms. Rouse, and to cease all further collection actions because she was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Nonetheless, Defendant Asset sent collection letters, dated May 6, 2009 and July 1, 2009, directly to Ms. Rouse, demanding payment of the debts at issue. Copies of these letters are attached as Exhibits D and E, respectively.

11. Accordingly, on October 7, 2009, Ms. Rouse's LASPD attorney had to send Defendant Asset additional letters to cease communications/collections. Copies of this letter and fax confirmation are attached as Exhibit F.

**Ms. Jackie Williams**

12. Ms. Williams is a disabled woman with limited assets and income, who fell behind on paying her bills, including debts allegedly owed for a WFNNB credit card. When Defendant Asset began trying to collect this debt from Ms. Williams, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Asset's collection actions.

13. On October 12, 2009, one of Ms. Williams' attorneys at LASPD wrote to Defendant Asset, informing Asset that Ms. Williams was represented by counsel, and directing Asset to cease contacting Ms. Williams, and to cease all further collection activities because she was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit G.

14. Nonetheless, Defendant Asset repeatedly called Ms. Williams nearly everyday thereafter in an attempt to collect the debt at issue.

15. Accordingly, on October 29, 2009, Ms. Rouse's LASPD attorney had to call and write to Defendant Asset to demand that it cease communications and its collection attempts. Copies of this letter and fax confirmation are attached as Group Exhibit H.

16. All of the collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Collections

18. Plaintiffs adopt and reallege ¶¶ 1-17.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

20. Here, the letters from Ms. Rouse's and Ms. Williams' agent, LASPD, told Defendant Asset to cease communications and to cease collections. By continuing to communicate regarding these debts and demanding payment, Defendant Asset violated § 1692c(c) of the FDCPA.

4

21. Defendant Asset's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

22. Plaintiffs adopt and reallege ¶¶ 1-17.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

24. Defendant Asset knew that Ms. Rouse and Ms. Williams were represented by counsel in connection with their debts because their attorneys at LASPD had informed Defendant, in writing, that they were represented by counsel, and had directed Defendant to cease directly communicating with Ms. Rouse and Ms. Williams. By directly communicating with Plaintiffs, via letter and telephone, despite being advised that the Plaintiffs were represented by counsel, Defendant Asset violated § 1692c(a)(2) of the FDCPA.

25. Defendant Asset's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiffs, Sweetie Rouse and Jackie Williams, pray that this Court:

1. Find that Defendant Asset's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs, Rouse and Williams, and against Defendant Asset, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Sweetie Rouse and Jackie Williams, demand trial by jury.

Sweetie Rouse and Jackie Williams,

By: /s/ David J. Philipps
One of Plaintiffs' Attorneys

Dated: November 6, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com