```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

JACKIE WILLIAMS,                )
                                )
          Plaintiff,             )
                                )
     v.                         )    No.  09 C 7001
                                )
ASSET ACCEPTANCE, LLC,          )
                                )
          Defendant.             )
```

MEMORANDUM ORDER

Jackie Williams ("Williams") has exercised her prerogative under Fed. R. Civ. P. 15(a) to file an Amended Complaint ("AC") in this Fair Debt Collection Practices Act ("Act") lawsuit against Asset Acceptance, LLC ("Asset").[1] Although this Court had originally scheduled the initial status hearing to be held January 7, 2010, its review of the current pleading has caused it to call for an earlier date so that Williams' counsel can explain why this action belongs here.

According to AC ¶3, Williams is a New Jersey citizen, while the exhibits attached to the AC (including a notarization of her signature) are Ohio-based rather than New Jersey-based. When a Chicago-based organization--Legal Advocates for Seniors and People with Disabilities ("Legal Advocates")--entered the picture on Williams' behalf, objecting to Asset for assertedly violating the Act, the letter complaining of that activity was directed to

---

[1] Original coplaintiff Sweetie Rouse is no longer involved in the litigation.

Asset in Michigan. Thus the only "connection" that Williams' grievance has with this judicial district is the Chicago base of Legal Advocates and the Palos Hills office of the lawyers who have filed suit on Williams' behalf.

To be sure, AC ¶5 alleges that Asset is licensed to conduct business in this state, that it maintains a registered agent here and that it "has a call center based here in Chicago, Illinois." But counsel's local presence plus Asset's amenability to suit in this judicial district do not appear to this Court to justify the institution of the litigation here, just as the convenience of counsel is conspicuously absent from the statutory criteria to be balanced when a 28 U.S.C. §1404(a) transfer is under consideration.

Accordingly this action is set for a status hearing at 9 a.m. December 11, 2009. At that time Williams' counsel will be expected to appear and explain why this action should not be dismissed without prejudice to its reinstitution in a more appropriate forum.

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date:  December 3, 2009